# EXHIBIT A

## IN THE CIRCUIT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

| | |
|---|---|
| **MINDY TOOMBS**<br>9701 Apollo Drive # 100<br>Upper Marlboro, MD 20774,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**LOWE'S COMPANIES INC**<br>1000 Lowe's Boulevard,<br>Mooresville, NC 28117,<br><br>and<br><br>**BIRD BRAIN, INC.**<br>52 East Cross Street<br>Ypsilanti, MI 48198,<br><br>　　　　　Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*    Case No _____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

Plaintiff, MINDY TOOMBS (herein after referred to as "TOOMBS"), by and through her attorney, Jason M Perash, brings suit against the Defendants, LOWE'S COMPANIES, INC (herein after referred to as "LOWE'S"), and BIRD BRAIN, INC (herein after referred to as "BIRD BRAIN") and states as follows

1    Plaintiff is an adult citizen of the State of Maryland

2    Defendant LOWE'S is an American retail company specializing in home improvement It operates multiple locations throughout Maryland LOWE'S is headquartered in North Carolina LOWE'S was a retailer for BIRD BRAIN'S products

3    Defendant BIRD BRAIN is an American retail company which has sold bird feeders, planters, gazing balls and other garden decor since 2008 BIRD BRAIN is the manufacturer of the defective product that is the subject matter of this action

1

## VENUE & PERSONAL JURISDICTION

4	Because Defendant LOWE'S persistently transacts business in Prince George's County, contracts to supply goods, services, and manufactured products in Prince George's County, and caused a tortious injury outside of Maryland, and because LOWE'S derives substantial revenue from goods, services, and manufactured products used in Prince George's County, and because LOWE'S has an interest in, uses, or possesses real property in Prince George's County, Prince George's County has personal Jurisdiction over LOWE'S for this action Md Code Ann , Cts & Jud Proc § 6-103 (b)

5	Because Defendant BIRD BRAIN persistently transacts business in Prince George's County, contracts to supply goods and manufactured products in Prince George's County, and caused a tortious injury outside of Maryland BIRD BRAIN derives substantial revenue from goods and manufactured products used in Prince George's County, Prince George's County has personal Jurisdiction over BIRD BRAIN for this action Md Code Ann , Cts & Jud Proc § 6-103 (b) ("A court may exercise personal jurisdiction over a person, who directly or by an agent (1) Transacts any business or performs any character of work or service in the State, (2) Contracts to supply goods, food, services, or manufactured products in the State, (3) Causes tortious injury in the State by an act or omission in the State, (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State, (5) Has an interest in, uses, or possesses real property in the State )

6	Because BIRD BRAIN'S products were sold in Prince George's County through LOWE'S, Prince George's County is a proper venue for this action Md Code Ann , Cts & Jud Proc § 6-201 (a) (2013) ("A civil action shall be brought in a county where the Defendant carries on a regular business, is employed, or habitually engages in a vocation") The Defendants habitually engage in a vocation and carry on a regular business in Prince George's County

## FACTS

7       Plaintiff TOOMBS incorporates by reference Paragraphs 1 to 6 as if set forth fully herein

8       At all times material herein, BIRD BRAIN and LOWE'S, were in the business of manufacturing, marketing, distributing, and/or selling BIRD BRAIN CERAMIC FIREPOT AND FUEL GEL

9       Defendant LOWE'S marketed, distributed and/or sold the BIRD BRAIN CERAMIC FIREPOT AND FUEL GEL that exploded onto Plaintiff's body, prior to July 21, 2018

10      In approximately March of 2012, Plaintiff purchased the BIRD BRAIN CERAMIC FIREPOT AND FUEL GEL from LOWE'S at its store located in Fernley, Nevada

11      On JULY 21, 2018, TOOMBS was using the BIRD BRAIN CERAMIC FIREPOT AND FUEL GEL in a proper manner, paying attention to all warnings

12      The BIRD BRAIN CERAMIC FIREPOT AND FUEL GEL expelled fire and its gel substance onto TOOMBS' body, causing her face, neck, chest and shoulders to catch on fire

13      TOOMBS acted reasonably and did not contribute to the occurrence, nor did she have a reasonable way to avoid it

14      TOOMBS attempted to extinguish the flames by smothering them  She did not succeed

15      TOOMBS, burning alive and screaming in pain, dove into a nearby pool, finally extinguishing the fire

16      TOOMBS went to a hospital by ambulance

17      TOOMBS sustained significant injuries, pain and suffering, lost wages, loss of

necessary for the safe use of the CERAMIC FIREPOT AND FUEL GEL,

f   Failing to adequately inspect and test the CERAMIC FIREPOT AND FUEL GEL for safety prior to offering it for sale,

g   Failing to discover that the CERAMIC FIREPOT AND FUEL GEL were dangerously defective, improperly designed and manufactured, inadequately tested and inspected, entirely unfit for duty and unsafe for use, constituting a hazard for the consumer, and

h   In other aspects to be provided at trial

21   The CERAMIC FIREPOT AND FUEL GEL was sold and placed into the stream of commerce by both Defendants and reached the consumer without substantial change in its design or structure

22   Defendant LOWE'S, both at the corporate level and the local level, is strictly liable to Plaintiff by reason of having marketed, sold, and placed into the stream of commerce an unreasonably dangerous product which was the direct and proximate cause of Plaintiff's injuries and damages

23   As a direct and proximate result of receiving the CERAMIC FIREPOT AND FUEL GEL from LOWE'S, Plaintiff suffered the loss of her former state of physical and mental well-being, and suffered serious injuries, including but not limited to BURNS to her face, neck, shoulders, and eyes, and suffered pain and suffering, for which this claim is made

24   Plaintiff's injuries and damages as recited herein, occurred directly as a result of, and were proximately caused by, the defects in the CERAMIC FIREPOT AND FUEL GEL's design, manufacture, testing and/or marketing, which was then placed into the stream of commerce for marketing and sale to the Plaintiff by both Defendants

enjoyment, disfigurement, among other damages unknown, all of which were caused exclusively by the aforementioned explosion

## COUNT I – STRICT LIABILITY

18      The allegations set forth in Paragraphs 1 through 17, inclusive, of this Complaint are re-alleged and incorporated by reference as if fully set forth herein

19      At all times material hereto, LOWE'S, was in the business of marketing, distributing and selling BIRD BRAIN CERAMIC FIREPOTS AND FUEL GEL

20      The BIRD BRAIN CERAMIC FIREPOT AND FUEL GEL in question was sold and placed into the stream of commerce by LOWE'S in an unsafe and defective condition, and the BIRDBRAIN CERAMIC FIREPOT AND FUEL GEL in question was unreasonably dangerous to its users by reason of, among others, the following defects in its design, manufacture, testing, and/or marketing

a      Designed and manufactured in a manner in which the fuel gel and/or the fire pot could fail/explode for multiple reasons during normal foreseeable use,

b      Lacking a clear warning of the dangers that the fuel gel might fail/explode when added to a hot firepot, which was the intended use of fuel gel, as advertised, causing injuries and damages to Plaintiff, and lacking a clear warning of the dangers that the fire pot may get dangerously warm so as to cause the fuel gel to catch fire and explode,

c      Manufactured improperly,

d      Failing to use available design and engineering skill or knowledge to produce a fuel gel and/or fire pot that would not explode,

e      Failing to provide adequate operating instructions and warnings to the consumer, even though both DEFENDANTS knew or should have known that such warnings were

4

25        Defendants' conduct in the marketing and sale of the CERAMIC FIREPOT AND FUEL GEL was willful and/or recklessly undertaken and with conscious disregard for the safety of consumers such as Plaintiff so as to constitute despicable conduct, oppression, fraud and malice, thereby entitling Plaintiff to an award of punitive damages against said DEFENDANT by reason thereof

26        As a result of both Defendants' conduct, Plaintiff has suffered actual damages in an amount in excess of $15,000

## COUNT II – NEGLIGENCE

27        The allegations set forth in Paragraphs 1 through 26, inclusive, of this Complaint are re-alleged and incorporated by reference as if fully set forth herein

28        Defendants and/or their agents, servants, or employees failed to safely and properly inspect and maintain the CERAMIC FIREPOT AND FUEL GEL and failed to discover the defect, correct the defect, or warn pedestrians about it

29        Defendants and/or their agents, servants, or employees knew or should have known about the dangerous propensities of the CERAMIC FIREPOT AND FUEL GEL

30        Defendant and/or their agents, servants, or employees knew or should have known that the CERMAIC FIREPOT AND FUEL GEL used by TOOMBS posed a hazard

31        Defendants and/or their agents, servants, or employees did not post any warning labels regarding the known dangerous propensities of the CERAMIC FIREPOT AND FUEL GEL or warn Plaintiff of same

32        Defendants and/or their agents, servants, or employees owed a duty to Plaintiff to hire and retain competent and qualified individuals and breached this duty by failing

to hire and retain competent and qualified individuals and/or entities to manufacture the CERAMIC FIREPOT AND FUEL GEL used by TOOMBS

33      Plaintiff sustained serious, severe and permanent injuries as a result of the explosion of the CERAMIC FIREPOT AND FUEL GEL that was manufactured and sold by the Defendants

## COUNT III - NEGLIGENT HIRING AND RETENTION

34      Plaintiff incorporates by reference paragraphs 1 through 33 as if fully set forth herein

35      Defendants employed managers and other personnel and the aforementioned acts described herein were committed within the scope of their employment with Defendant and, Defendant is responsible for those acts performed within the scope of its agents, servants or employees' employment

36      Defendants hired agents, servants or employees to ensure that the products produced or sold were safe  Defendants had a duty to investigate the agents, servants, or employees' capabilities to ensure that they would produce or sell products that would not explode without warning  Defendants failed to properly supervise their agents, servants or employees' work and made insufficient efforts to investigate whether or not the employees were making and selling products, especially the CERAMIC FIREPOT AND FUEL GEL that exploded on the Plaintiff, in a safe, fit and proper manner

37      Defendants knew, had reason to know or should have known, that their designers, engineers, agents, servants or employees had a record of reckless, negligent and incompetent work habits, and that their employees would be likely to manufacture or sell some

7

products, especially the CERAMIC FIREPOT AND FUEL GEL that exploded on the Plaintiff, in an unsafe condition involving unreasonable risk of physical harm

38.     Defendants' negligence in hiring and/or retaining the designers, engineers, agents, servants or employees to maintain the safety of the products it manufactured or sold, particularly with regard to the CERAMIC FIREPOT AND FUEL GEL that exploded on the Plaintiff, was the proximate cause of the Plaintiff's injuries

WHEREFORE, Plaintiff demands judgment against Defendants LOWE'S and BIRD BRAIN, jointly and severally, in an amount greater than $75,000.00 plus costs, pre-judgment interest, post-judgment interest as this Court deems appropriate and for such other and further relief as the nature of this cause may require

Respectfully submitted,

THE LAW OFFICE OF JASON PERASH, LLC

By _____

Jason Perash, Esq., CPF 1112160001
9520 Berger Rd., Suite 212, Columbia, MD 21046
443.990.1529, Jason@PerashLaw.com
Attorney for Plaintiff

8

## REQUEST PURSUANT TO MARYLAND RULE 20-205(d)

Plaintiff, through counsel, respectfully requests that the clerk issue Writ(s) of Summons(es) for service upon the Defendant(s) named in the Complaint filed herein

## NOTICE PURSUANT TO MARYLAND RULE 20-201(f)

Plaintiff, through counsel, hereby certifies that the Complaint filed herein does not contain any restricted information

## REQUEST FOR A JURY TRIAL

Plaintiff TOOMBS requests a jury trial

THE LAW OFFICE OF JASON PERASH, LLC

By _____

Jason Perash, Esq ; CPF 1112160001

9