IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MINDY TOOMBS

    v.

LOWE'S COMPANIES, INC., et al.

:
:
:
:
:
:

Civil Action No. DKC 21-1843

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this product liability case is a motion to dismiss filed by Defendant Lowe's Companies, Inc. ("Lowe's"). (ECF No. 4). In addition, this court issued an order requiring Plaintiff Mindy Toombs to report the status of service on Defendant Bird Brain, Inc. ("Bird Brain"). (ECF No. 8). Ms. Toombs has responded to the order and the issues in Lowe's' motion have been fully briefed. The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the claims against Bird Brain will be dismissed because it is not a viable defendant and the motion to dismiss claims against Lowe's will be granted for lack of personal jurisdiction.

**I.   Background**

Mindy Toombs alleges that she was severely burned when a ceramic pot and accompanying fuel gel, manufactured by Bird Brain and sold by Lowe's, exploded, "expell[ing] fire" onto her face,

neck, chest, and shoulders.  (ECF No. 4-4, at 3-4).  Ms. Toombs
alleges that she bought the pot and fuel gel in March 2012 at a
Lowe's store in Fernley, Nevada and was injured six years later on
July 21, 2018.  (*Id.*, ¶¶ 10-11).  She has indicated elsewhere that
the explosion occurred in Nevada, where she resided at the time.
(ECF No. 4-3, ¶¶ 1, 7, 15).

Ms. Toombs filed a *pro se* claim for strict product liability
in Nevada state court in July 2020 against Lowe's and Bird Brain.
(ECF No. 4-3).  Ms. Toombs failed to respond timely to Lowe's'
motion to dismiss which was granted with prejudice pursuant to
Nevada Rule of Civil Procedure 12(b)(5) and Eighth District Civil
Rule 2.20(e).  (ECF No. 4-7, at 1, 5).[1]  Ms. Toombs responded
shortly thereafter, but the court denied as moot her motion either
to amend or continue.  (ECF No. 4-8).

On April 21, 2021, Ms. Toombs, represented by counsel, filed
a new complaint against the same Lowe's entity and Bird Brain in
the Circuit Court for Prince George's County.  (ECF No. 4-4; *see*
ECF No. 1-6, at 3).  Ms. Toombs, now apparently a citizen of
Maryland, included in her complaint claims not only for strict
product liability, but also for negligence and negligent hiring,
and requested damages in excess of $75,000.  (ECF No. 4-4,

---

[1] The motion to dismiss, like the one here, asserted that the
entity sued, Lowe's Companies, Inc., does not operate or own any
Lowe's stores.  (ECF No. 4-5, at 5).

at 1, 4, 6-8). Lowe's was served on June 24 and removed the action to this court on July 23. (ECF Nos. 1; 1-5).

Lowe's moved to dismiss the case on personal jurisdiction and claim preclusion grounds on July 27. (ECF No. 4). On August 24, this court issued a show-cause order instructing Ms. Toombs to, within two weeks, respond to Lowe's' motion and report on the status of service on Bird Brain, which remained unknown. (ECF No. 8). Sixteen days later, Ms. Toombs responded to half the order, explaining that Bird Brain could not be served because it was no longer in business. (ECF No. 9). Three weeks later, Ms. Toombs finally responded in opposition to Lowe's' motion to dismiss. (ECF No. 11). Lowe's replied. (ECF No. 12).

## II.  **Service of Process on Bird Brain**

"Typically, service of process is a precondition to a court's exercise of personal jurisdiction over a defendant." *Sky Cable, LLC v. DIRECTV, Inc.*, 886 F.3d 375, 391 (4th Cir. 2018) (citation omitted); *see also* Fed.R.Civ.P. 4(k). In removal cases, plaintiffs usually have ninety days from the date of "removal to federal district court" to effect service under Fed.R.Civ.P. 4(m). *Thompson v. Dollar Tree Stores*, No. 17-cv-3727-PWG, 2019 WL 414881, at *3 (D.Md. Feb. 1, 2019) (unpublished) (quoting 4B Charles A. Wright & Arthur R. Miller, *Time Limit for Service*, Fed. Prac. & Proc. § 1137 (4th ed. 2015)). In response to this court's show-cause order, Ms. Toomey avers that Bird Brain cannot be served

3

because it is defunct. (ECF No. 9). This could be construed as a voluntary request to dismiss Bird Brain under Fed.R.Civ.P. 41(a)(2). In any case, Plaintiff concedes that Bird Brain is not a viable defendant in this case and the claims against it will be dismissed.

## III. Personal Jurisdiction Over Lowe's

### A.    Standard of Review

When a court's power to exercise personal jurisdiction is challenged under Fed.R.Civ.P. 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citation omitted). If the court chooses to rule without conducting an evidentiary hearing, relying solely on the basis of the complaint, affidavits, and discovery materials, "the plaintiff need only make a prima facie showing of personal jurisdiction." *Id.* All jurisdictional allegations must be construed "in the light most favorable to the plaintiff," and "the most favorable inferences" must be drawn for the existence of jurisdiction. *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005).

4

**B.   Analysis**

Where a defendant is a nonresident, a federal district court may exercise personal jurisdiction only if "(1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016) (quotation omitted).

**1.   Maryland Long-Arm Statute**

The Maryland long-arm statute authorizes the exercise of personal jurisdiction to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *Perdue Foods*, 814 F.3d at 188 (citing *Beyond Sys., Inc. v. Realtime Gaming Holding Co.*, 388 Md. 1, 22 (2005)). This broad reach does not suggest that analysis under the long-arm statute is irrelevant; rather, it reflects that, "to the extent that a defendant's activities are covered by the statutory language, the reach of the statute extends to the outermost boundaries of the due process clause." *Dring v. Sullivan*, 423 F.Supp.2d 540, 545 (D.Md. 2006) (quotation omitted). Both the Maryland Court of Appeals and the Fourth Circuit have held that it is not "permissible to simply dispense with analysis under the long-arm statute." *Pandit v. Pandit*, 808 F.App'x 179, 185 (4th Cir. 2020) (unpublished) (quoting *Mackey v. Compass Mktg., Inc.*, 391 Md. 117, 141 n.6 (2006)). To satisfy the long-arm statute, a plaintiff must specifically identify a statutory

provision that authorizes jurisdiction, either in his complaint or in opposition to a Fed.R.Civ.P. 12(b)(2) motion. *See Johansson Corp. v. Bowness Constr. Co.*, 304 F.Supp.2d 701, 704 n.1 (D.Md. 2004); *Ottenheimer Publishers, Inc. v. Playmore*, Inc., 158 F.Supp.2d 649, 653 (D.Md. 2001).

Maryland's long-arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103, provides in part:

> (b) A court may exercise personal jurisdiction over a person, who directly or by an agent:
>
> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply goods, food, services, or manufactured products in the State;
>
> . . .
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State; [or]
>
> (5) Has an interest in, uses, or possesses real property in the State[.]

There is a limiting condition in Section 6-103(a): "If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section."

Ms. Toombs fails to establish personal jurisdiction under any of the long-arm statute's various provisions. She first alleges that Lowe's "transacts business," "contracts to supply goods, services, and manufactured products," and "has an interest in, uses, or possesses real property" in Maryland. (ECF No. 4-4, ¶ 4). As Lowe's notes, these allegations point to subsections (b)(1), (b)(2), and (b)(5) of Section 6-103. But Lowe's refutes these allegations and Ms. Toombs has not substantiated them. According to the affidavit submitted by corporate counsel for Lowe's, the company does not have any Maryland operations. (ECF No. 4-9, ¶¶ 4-11). And, even if true, these allegations do not satisfy the limiting condition in subsection (a). Ms. Toombs' injuries, sustained in Nevada from a product also purchased there, could not have "aris[en] from" business or property Lowe's might have had in Maryland at the time.

Ms. Toombs also alleges that Lowe's "derives substantial revenue from goods, services, and manufactured products" used in Maryland and "caused a tortious injury outside of Maryland[.]" (ECF No. 4-4, ¶ 4). These statements point to subsection (b)(4) and, on their face, Ms. Toombs' allegations would satisfy it. Lowe's does not contest, and appears to concede, that it "derives substantial revenue" from products used in Maryland. (ECF No. 4-1, at 9-10, 15). And, certainly, if Lowe's sold the product in question, its conduct would have caused Ms. Toombs' injuries and

her cause of action would "aris[e] from" it.  Again, however, Lowe's refutes that it sold the product, let alone owned the store in question, and Ms. Toombs does not attempt to substantiate her allegations.  (ECF Nos. 4-1, at 9-10; 4-9, ¶¶ 12-14).

Plaintiff points out that there are many Lowe's retail stores in Maryland, (ECF Nos. 11, at 4; 11-2), and there are likely many in Nevada too, *Stores by State and Province*, Lowe's (Jan. 29, 2021) https://corporate.lowes.com/sites/lowes-corp/files/pdf/lowes-by-state-2021.pdf.  It appears, however, that Ms. Toomey mistakenly sued a passive corporate parent rather than the subsidiary that owns and operates the Lowe's retail stores, which is likely Lowe's Home Centers, LLC.  (*See* ECF No. 5, ¶ 1).  Ordinarily, a plaintiff cannot establish personal jurisdiction over an otherwise improper parent company unless she can pierce the corporate veil for jurisdictional purposes.  There is no basis to do so here because Ms. Toomey makes no effort to suggest that the named Defendant, Lowe's Companies, Inc., "exerts considerable control over" the relevant subsidiary.  *See State v. Exxon Mobil Corp.*, 406 F.Supp.3d 420, 446-47 (D.Md. 2019) (citations omitted).

Ms. Toombs fails to show by a preponderance of the evidence that this court has personal jurisdiction over Lowe's Companies, Inc. according to Maryland's long-arm statute.  It is therefore unnecessary to reach whether personal jurisdiction would comport with the Due Process clause or whether Ms. Toomey's action against

Lowe's is barred by claim preclusion.  *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." (quotation omitted)).

## IV.  Conclusion

For the foregoing reasons, the claims against Bird Brain will be dismissed and Lowe's' motion to dismiss will be granted.  These dismissals are not on the merits and are without prejudice.  A separate order will follow.

_____ /s/
DEBORAH K. CHASANOW
United States District Judge
